UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
WINDWARD BORA LLC,                                              Case No.:

                                              Plaintiff,        **COMPLAINT**

- against -

STEVEN ORTIZ; JENNY ORTIZ; SUFFOLK FEDERAL CREDIT UNION; CLERK OF THE SUFFOLK COUNTY PARKING AND TRAFFIC VIOLATIONS AGENCY; CLERK OF THE SUFFOLK COUNTY DISTRICT COURT;

"JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

                                              Defendants.
------------------------------------------------------------------------X

Plaintiff, Windward Bora LLC ("Windward Bora" or "Plaintiff") by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief.

## NATURE OF THE ACTION

1. This is an action brough pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") § 1301 et seq., to foreclose on a mortgage encumbering the property commonly known as 245 Jamaica Avenue, Medford, New York 11763 (Suffolk County Tax Map as District 0200 Section 772.00 Block 04.00 Lot 013.000) in the County of Suffolk and State of New York (the "Property"). A copy of the Schedule "A" describing the Property in further detail is annexed hereto as **Exhibit A**.

## PARTIES

2. Windward Bora, LLC ("Windward Bora" of "Plaintiff") is a limited liability company organized under the laws of the State of Delaware. Windward Bora is a single member

1

limited liability company, whose sole member is a citizen of the united States and domiciled in the State of Florida. For the purpose of diversity, Windward Bora, is a citizen of Florida.

3. Steven Ortiz is an individual who is a citizen of the State of New York and upon information and belief has an address at the Property. Steven Ortiz is a necessary party defendant to this action because he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is the mortgagor under the subject mortgage.

4. Jenny Ortiz is an individual who is a citizen of the State of New York and upon information and belief has an address at the Property. Jenny Ortiz is a necessary party defendant to this action because she (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); and (ii) is the mortgagor under the subject mortgage.

5. Upon information and belief, Suffolk Federal Credit Union ("SFCU") is a organization with a principal place of business at 3681 Horseblock Road, Medford, New York 11763. For the purposes of diversity, SFCU is a citizen of the State of New York. SFCU is a necessary party defendant to this action because it is potentially a judgment creditor with a judgment attached to the Property.

6. Upon information and belief, Clerk of the Suffolk County Parking and Traffic Violations Agency is an organization with a principal place of business at 100 Veterans Memorial Highway Hauppauge, NY 11788. For the purposes of diversity, Clerk of the Suffolk County Parking and Traffic Violations Agency is a citizen of the State of New York. Clerk of the Suffolk County Parking and Traffic Violations Agency is a necessary party defendant to this action because it is a possible judgment creditor with a judgment attached to the Property.

7. Upon information and belief, Clerk of the Suffolk County District Court is an organization with a principal place of business at 400 Carlton Avenue, Central Islip, NY 11722. For the purposes of diversity, Clerk of the Suffolk County District Court is a citizen of the State of New York. Clerk of the Suffolk County District Court is a necessary party defendant to this action because it is a possible judgment creditor with a judgment attached to the Property.

8. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Property. *See* RPAPL §§ 1311, 1312 and 1313.

9. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

10. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

11. Venue is deemed proper in this district pursuant to 28 U.S.C. § 1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

12. On or about May 27, 2005, as evidence of a loan in the amount of $76,850.00 (the "Loan"), Steven Ortiz ("Borrower") executed and delivered to Countrywide Home Loans, Inc., (the "Lender") a Note dated May 27, 2005 (the "Note"). A copy of the Note is annexed hereto as **Exhibit B**.

13. In order to collaterally secure the aforesaid Loan, the Borrower and Jenny Ortiz, on the same day, duly executed, acknowledged and delivered a mortgage to Lender (the "Mortgage"). A copy of the recorded Mortgage is annexed hereto as **Exhibit C**. The Mortgage encumbers the Property. *See* **Exhibit C**.

14. Pursuant to the Mortgage, in any lawsuit for foreclosure, the Lender or its successors or assigns possesses the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount the Borrower owes the Lender which fees shall become part of the sums secured. *See id*.

15. Windward Bora is the current owner of the Note by virtue of its physical possession of the wet ink Note, with allonges firmly affixed thereto. Therefore, under New York law, Windward Bora is the holder and owner of both the Note and Mortgage on the date of the filing of this complaint.

16. Borrower defaulted under the terms of the Note and Mortgage for the payment due on May 20, 2015 (the "Default").

17. On October 27, 2022, a 30-Day Notice (the "Default Notice") was issued to Mortgagors advising of possible acceleration of the loan and continuing default under the Note and Mortgage together if not cured. On October 27, 2022, Plaintiff complied with the requirements of RPAPL § 1304 by issuing a 90 Day Notice (the "90 Day Notice") to the Mortgagors advising of possible legal action if the default under the Note and Mortgage together was not cured. Plaintiff complied with the registration requirements of RPAPL §1306(1). Copies of the Defaults Notices; 90-Day Notices with proof of mailing, and RPAPL §1306 Proof of Filing are annexed hereto as **Exhibit "D"**.

18. Pursuant to RPAPL Section 1302 as amended, the plaintiff complied with all the provisions of § 595a and § 6-1 of the Banking Law and RPAPL §§ 1304 and 1306, except where it is exempt from doing so.

19. Plaintiff is in compliance with Section Nine-X of the New York State banking law, if applicable.

20. As of the date herein, Mortgagors have failed to respond to the Default Notices.

21. Plaintiff hereby declares that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable.

22. Due to the above-described default, Borrower is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for:

   a. The unpaid principal amount due under the Note, and all accrued and unpaid interest and late charges amount to as of February 8, 2023, amounts to $100,994.02;

   b. Attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full; and

   c. Any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

23. Plaintiff requests that in the event that this action will proceed to judgment of foreclosure and sale, said premises should be sold subject to the following:

   a. Any state of facts that an inspection of the premises would disclose.

   b. Any state of facts that an accurate survey of the premises would show.

   c. Covenants, restrictions, easements and public utility agreements of record, if any.

    d.    Building and zoning ordinances of the municipality in which the Mortgaged premises are located and possible violations of same.

    e.    Any right of tenants or person in possession of the subject premises.

    f.    Any equity of redemption of the United States of America to redeem the premises within 120 days from date of sale.

    g.    Prior lien(s) of record, if any.

24.    In the event that Plaintiff possesses any other lien(s) against said mortgaged premises either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

25.    Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinfore made, by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

26.    Plaintiff previously commenced an action in the United States District Court, Eastern District, under Case Number: 2:21-cv-04154-MKB-JMW, that was dismissed by the Court. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of said Mortgage or for recovery of the said sum secured by said Note and Mortgage or any part thereof.

27.    During the pendency of this action, Plaintiff, in order to protect the lien of the Mortgage, may be compelled to pay sums due on prior mortgages, insurance premiums, tax assessments, water rates, sewer rates, and other expenses or charges affecting the Property

described and Plaintiff prays that any such amounts so paid and so extended during the pendency of this action may be added to its claim and repaid from the proceeds of the sale of the Property together with interest thereon, from the date of making such expenditures, so that the same may be added to, and secured by, the Note and Mortgage.

**WHEREFORE**, the Plaintiff demands judgment that the Defendants and all persons claiming under them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in and to the said mortgaged premises and each and every part and parcel thereof; that the premises may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that the Plaintiff may be paid the amount due on the Note and Mortgage as hereintofore set forth, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of Plaintiff's Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the same; that this Court forthwith appoint a receiver of the rents and profits of said premises during the pendency of this action with the usual powers and duties; and that Defendant STEVEN ORTIZ may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds pursuant to the directions contained in such judgment, and that in the event that Plaintiff

7

possesses any other lien(s) against said mortgage premises either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the premises to Plaintiff, and that the Plaintiff may have such other and further relief, or both, in the premises, as may be just and equitable.

Dated: February 8, 2023
       New York, New York

By:    */s/ Danielle P. Light*
           Danielle P. Light, Esq.