**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
WINDWARD BORA LLC,

                              Plaintiff,                                **REPORT AND**
                                                                               **RECOMMENDATION**
                          -against-                                         CV 23-1068 (GRB) (ARL)

STEVEN ORTIZ, JENNY ORTIZ, SUFFOLK
FEDERAL CREDIT UNION, CLERK OF THE
SUFFOLK COUNTY PARKING AND TRAFFIC
VIOLATIONS AGENCY, CLERK OF THE SUFFOLK
COUNTY DISTRICT COURT and JAMIE ROBERTS,

                              Defendants.
-----------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      This matter has been referred to the undersigned for the purpose of issuing a report and recommendation as to whether the plaintiff's motion for a Default Judgment of Foreclosure and Sale should be entered. For the reasons set forth below, the undersigned respectfully recommends that the plaintiff's motion be denied with leave to renew.

      The plaintiff, Winward Bora LLC ("Windward"), commenced this action on February 9 2023, against the defendants, Steven Ortiz, Jenny Ortiz, the Suffolk Federal Credit Union, the Clerk of the Suffolk County Parking and Traffic Violations Agency, the Clerk of the Suffolk County District Court and Jamie Roberts, pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq.*, seeking to foreclose on a mortgage encumbering the property commonly known as 245 Jamaica Avenue, Medford, New York 11763.[1] According to the complaint, on May 27, 2005, Steven Ortiz obtained a home equity line of credit in the amount of $76,850.00 from Countrywide Home Loans, Inc. (the "Lender"). Compl. ¶ 12; Ex. B.

---

[1] A Certificate of Merit was also filed on February 9. 2023. ECF No. 1-8. A Notice of Pendency of this action was also filed with the Suffolk County Clerk's Office on February 15, 2023. Malekan Decl. ¶ 7.

In order to collaterally secure the loan, Steven and Jenny Ortiz executed a mortgage that same day.  Compl. ¶ 13; Ex. C.  The mortgage was subsequently assigned to Windward on February 19, 2021.  Malekan Decl. ¶ 5.  Windward's assignment was recorded on November 10, 2022 in the County of Suffolk at Liber M00023461 Page 779.  *Id.* at Ex. 2.

The Ortizes defaulted on the mortgage by failing to make a loan payment on May 20, 2015.  Compl. ¶ 16; s*ee also* 21-cv-04154-MKB-JMW ECF No. 21.[2]  According to the complaint, on October 27, 2022, Windward served both Steven and Jenny Ortiz with a 30-Day Notice advising them of their continuing default under the Note and Mortgage and the possible acceleration of the loan if the default was not cured.  Compl. ¶ 17; Ex. D.  The 30-Day Notice begins by advising the Ortizes that as of November 30, 2022, the following sums are in arrears:

  Principal and Interest Payments:  $70,072.84
  Late Charges:        $941.54
  Total:          $71,014.38

The 30-Day Notice goes on to warn that failure to cure the total amount in arrears, that being, $71,014.38, by November 30, 2022 could result in the acceleration of the loan.  However, on the following page of the 30-Day Notice, under the heading "Notice Pursuant to Fair Debt Collection Practices Act," the total amount of the debt is listed as follows:

  1. The total amount of the Debt:  <u>108,707.16</u>.  Remaining principal balance as of October 26, 2022 is $74,725.40 plus unpaid accrued interest of <u>23.741.61.</u>

The 90-Day Notice served on the Ortizes on the same day compounds the confusion.  In that document, the amount of the default is listed as $70,613.28, which is neither of the amounts reflected in the 30-Day Notice.  Compl. Ex. D.

---

[2] Windward had previously commenced an action against the defendants in this Court under Case Number: 2:21-cv-04154-MKB-JMW, which was dismissed for lack of subject matter jurisdiction.  Specifically, at the time the Complaint was filed, Windward had alleged that total principal balance plus all other fees and charges in arrears was $74,725.30.  The Court notes that the default date listed in the initial action was May 1 not May 20.

Section 1304 of the Real Property Actions and Proceedings Law ("RPAPL") requires a mortgage lender, assignee, or mortgage loan servicer to notify borrowers at least 90 days before commencing a foreclosure action and to set forth specific information including the dollars in default. RPAPL § 1304(1). While the undersigned is aware of at least one court in this district that has held that a 90-Day Notice is not rendered insufficient because it contains an amount to cure that differs from that articulated in the 30-Day Notice, *see Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 84 (E.D.N.Y. 2019)(where parties disputed the exact amount owed in the context of a summary judgment motion), this Court cannot determine with any degree of certainty if Windward complied with the statute given the differing amounts of principal reflected in the Notices it prepared and served on the same day.

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, "a district court is [still] 'required to determine whether [a] plaintiff's allegations establish the defendant's liability as a matter of law.'" *See City of New York v. Mickalis Pawn Shop, LLC,* 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). As the Court is unable to do so, the undersigned respectfully recommends that the motion be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiff shall serve a copy of this Report and Recommendation on the

3

defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        June 28, 2024                                               _____/s/_____
                                                                       ARLENE R. LINDSAY
                                                                       United States Magistrate Judge